IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN CLAYTON DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-671-D |
| OKLAHOMA HIGHWAY PATROL, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**<u>ORDER</u>**

Plaintiff Justin Clayton Davis, a state pretrial detainee and federal prisoner awaiting sentencing, appearing *pro se* and *in forma pauperis*, brought this lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights [Doc. No. 12][1]. Plaintiff named as Defendants Oklahoma Highway Patrol ("OHP") and Trooper Jacob Dickinson ("Trooper Dickinson"). *Id.* The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On September 19, 2025, the magistrate judge issued a Report and Recommendation ("Report") [Doc. No. 19], to which Plaintiff timely filed an objection [Doc. No. 21].

**BACKGROUND**

In the Amended Complaint Plaintiff alleges that OHP and Trooper Dickinson violated his constitutional rights, when Trooper Dickinson stopped the vehicle in which Plaintiff was a passenger and "illegally detained" him and "unlawfully seized, searched, and arrested" him. [Doc. No. 12, at p. 3-5]. As a result of the incident, Plaintiff requests the

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.

1

Court declare his constitutional rights were violated, intervene and dismiss the state and federal criminal charges against him[2], and award him monetary damages. *Id.* at p. 5.

On September 19, 2025, the magistrate judge issued the Report in which she recommends the Court dismiss the claims against OHP and Trooper Dickinson, in his official capacity, pursuant to their Eleventh Amendment immunity. [Doc. No. 19, at p. 2, 4-6, & 12]. Moreover, the magistrate judge recommends the Court dismiss as moot Plaintiff's request for the Court to intervene and dismiss his Federal Criminal Matter, because Plaintiff pleaded guilty. *Id.* at p. 2, & 11-12. Additionally, the magistrate judge recommends the Court abstain from exercising jurisdiction over Plaintiff's remaining claims against Trooper Dickinson, in his individual capacity, under the *Younger* abstention doctrine. *Id.* at p. 2, & 7-12 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Plaintiff timely filed an objection to the Report, in which Plaintiff requests leave to amend his Amended Complaint to withdraw all of his claims against OHP. [Doc. No. 21, at p. 1-2]. Because Plaintiff seeks to withdraw all of his claims against OHP, the Court construes Plaintiff's objection, in part, as a Fed. R. Civ. P. 41(a)(1)(A)(i) notice of dismissal of his claims against OHP.[3]

---

[2] Following this incident, Plaintiff was charged in the District Court for Comanche County, State of Oklahoma. *See State of Oklahoma v. Davis*, Case No. CF-2024-356 (Comanche Cnty., Okla. June 21, 2024) ("State Criminal Matter"). Plaintiff's State Criminal Matter is pending. *Id.* Plaintiff was also charged in the United States District Court for the Western District of Oklahoma, and pleaded guilty to two counts. *See United States v. Davis*, No. CR-24-435-J (W.D. Okla. Oct. 1, 2024) ("Federal Criminal Matter").

[3] "A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011).

Plaintiff also did not object to the magistrate judge's findings and recommendations regarding Plaintiff's request for the Court to intervene and dismiss his State Criminal Matter and his Federal Criminal Matter. [Doc. No. 21, at p. 2 & 4]. Indeed, Plaintiff provided that he "wishes to withdraw his demand for dismissal of both state and federal criminal charges." *Id.* at p. 2.

Moreover, Plaintiff does not object to the magistrate judge's findings and recommendation that the Court should dismiss Plaintiff's claims against Trooper Dickinson, in his official capacity, pursuant to his Eleventh Amendment immunity. *Id.* at p. 1 & 4. In fact, Plaintiff requests leave to withdraw all of his claims against Trooper Dickinson in his official capacity. *Id.* However, Plaintiff did not request to withdraw all of his claims against Trooper Dickinson in his individual capacity. *Id.* at p. 1-4. Plaintiff provides that his "sole remaining request for relief in this matter is the monetary damages of $250,000.00 for both punitive and compensatory damages against Trooper Jacob Dickinson in his individual capacity." *Id.* at p. 2.[4]

---

[4] Because Plaintiff did not withdraw all of his claims against Trooper Dickinson, Plaintiff's attempt to withdraw his claims against Trooper Dickinson, in his official capacity, is not construed as a notice of withdraw under Rule 41(a)(1)(A)(i). *See Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (Fed. R. Civ. P. 41(a) "speaks to dismissal of an action, not just a claim within an action."); *Mar-K Specialized Mfg., Inc. v. Bed Wood & Parts, LLC*, No. CIV-20-00450-JD, 2022 WL 1518110, at *2 (W.D. Okla. Jan. 6, 2022) ("When a plaintiff seeks to dismiss less than all of its claims asserted in an action, it appears the appropriate procedural mechanism is amendment under Rule 15, not dismissal under Rule 41(a)."). Requesting leave to amend his Amended Complaint in his objection is improper and does not comply with Fed. R. Civ. P. 15(a) or LCvR15.1. A district court may properly require a plaintiff to file a motion that complies with Fed. R. Civ. P. 15(a) and LCvR 15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021).

However, Plaintiff did object to the Court dismissing his claims against Trooper Dickinson in his individual capacity on the basis that Eleventh Amendment immunity is inapplicable to individual capacity claims, despite the Report not recommending such dismissal. *Compare* [Doc. No. 21] *with* [Doc. No. 19]. Plaintiff's objection does not address whether the Court should abstain from exercising jurisdiction over his claims against Trooper Dickinson pursuant to the *Younger* abstention doctrine, which was recommended in the Report. *Id.*

## STANDARD OF DECISION

When a magistrate judge issues a recommendation on a dispositive matter, the Court is required to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Because Plaintiff appears *pro se*, the Court liberally construes his allegations and the arguments in his objection. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## DISCUSSION

By failing to object to the Report's recommendation to dismiss Plaintiff's claims against Trooper Dickinson, in his official capacity, Plaintiff has waived further review of such issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Similarly, by failing to object to the Report's recommendation that the Court dismiss as moot Plaintiff's

4

request for the Court to intervene and dismiss his Federal Criminal Matter, Plaintiff has also waived further review of such issues. *Id.*

Moreover, Plaintiff raises no objection or argument as to the applicability of the *Younger* abstention doctrine to his claims. Rather, Plaintiff "concedes" that the *Younger* abstention doctrine is applicable. [Doc. No. 21, at p. 2]. Thus, by failing to object, Plaintiff has waived further review of the issues regarding the *Younger* abstention doctrine's applicability to his claims against Trooper Dickinson, in his individual capacity. *See Moore*, 950 F.2d at 659.

Furthermore, the Court agrees with the Report that the proper disposition of this matter is a stay and not a dismissal, as Plaintiff is seeking damages that are unavailable in the pending State Criminal Matter. *See Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) ("Although the *Younger* abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances, the district court at most should have stayed rather than dismissed those claims because they cannot be redressed in the pending state proceedings.") (footnote and emphasis omitted) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final."). Therefore, the Court will stay this case and administratively close it until the State Criminal Matter reaches a final conclusion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Court construes and recognizes Plaintiff's notice of withdrawal of his claims against Defendant Oklahoma Highway Patrol as a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Therefore, the Report's recommendation as to dismissing Plaintiff's claims against OHP is **RENDERED MOOT**.

**IT IS FURTHER ORDERED** that the Report's recommendation that the Court dismiss Plaintiff's claims against Defendant Trooper Jacob Dickinson, in his official capacity, is **ADOPTED**. Thus, Plaintiff's claims against Defendant Trooper Jacob Dickinson, in his official capacity, are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Report's recommendation that the Court dismiss as moot Plaintiff's request for the Court to intervene and dismiss his Federal Criminal Matter is **ADOPTED**. Thus, Plaintiff's request for the Court to intervene and dismiss his Federal Criminal Matter is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the Report's recommendation that the Court abstain from exercising jurisdiction over Plaintiff's claims against Defendant Trooper Jacob Dickinson, in his individual capacity, pursuant to the *Younger* abstention doctrine is **ADOPTED.** Thus, this lawsuit is **STAYED** pending the final conclusion of Plaintiff's State Criminal Matter. An appropriate Administrative Closing Order shall be entered.[5]

---

[5] Immediately prior to the entry of this Order, Plaintiff filed a motion requesting the Court enter an order directing that he be transferred from his current place of incarceration to an unspecified different place of incarceration. [Doc. No. 22]. The Plaintiff's motion has no bearing on this matter or disposition of this matter, and thus will not be taken up by the Court in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Appoint Counsel [Doc. No. 18] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 22nd day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge